IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER YATES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO.: 2:21-cv-615-ECM |
| | ) (WO) |
| EASTDALE APARTMENTS | ) |
| LIMITED PARTNERSHIP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Plaintiff Jennifer Yates ("Yates") filed a complaint in the Circuit Court of Montgomery County, Alabama against Defendants Eastdale Apartments Limited Partnership ("Eastdale Apartments"), Princeton Enterprises LLC d/b/a Princeton Management ("Princeton"), and WAITR Incorporated ("WAITR"), alleging that, on August 14, 2019, while delivering food for WAITR, she fell on a broken stair at Eastdale Apartments which are managed and operated by Princeton. (Doc. 1-1).[1]  As a result, she suffered injuries and was rendered disabled. (*Id.*).  Yates asserts a workers' compensation claim against WAITR and brings claims of negligence and wantonness against Eastdale Apartments and Princeton. (*Id.*).

On September 14, 2021, Defendant Eastdale Apartments and Princeton removed the case to this Court based on diversity jurisdiction. 28 U.S.C. § 1332 and § 1441.  Following

---

[1] The Court refers to the document and page numbers generated by CM/ECF.

the Defendants' removal of the case, Yates and Defendant WAITR filed motions to remand.[2] (Docs. 6 and 7). The motions to remand are fully briefed, under submission, and ready for resolution without oral argument. Upon consideration of the motions, and for the reasons that follow, the Court concludes that Defendant WAITR's motion to remand and the Plaintiff's motion to remand are due to be granted to the extent that the workers' compensation claim is due to be severed and remanded to state court. The Plaintiff's motion to remand her state law claims of negligence and wantonness against Eastdale Apartments and Princeton is due to be denied.

## II.  JURISDICTION

Jurisdiction over this action is premised on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Personal jurisdiction and venue are uncontested.

## III.  STANDARD OF REVIEW

In examining the issue of jurisdiction upon which the Defendants premise removal, the Court is mindful of the fact that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). "They possess only that power authorized by Constitution and statute." *Dudley v. Eli Lilley & Co.*, 778 F.3d 909, 911 (11th Cir. 2014) (quoting *Kokkonen, supra*).

---

[2] Also pending before the Court is the Plaintiff's motion for a ruling on the motions to remand. (Doc. 20).

However, "[a]ny civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

When evaluating a motion to remand, "the removing party bears the burden of showing the existence of federal jurisdiction." *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)). Removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108 (1941); *Burns*, 31 F.3d at 1095 ("[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.").

## IV. DISCUSSION

Defendants Eastdale Apartments and Princeton removed the case to this Court based on diversity jurisdiction. (Doc. 1). Yates is a citizen of the State of Alabama. The Defendants assert that Eastdale Apartments is "deemed a citizen of Michigan with members whom are all foreign citizens; Princeton Management is deemed a citizen of Michigan with members whom are all foreign citizens; and WAITR is also deemed a foreign citizen." (*Id*. at 3). The parties do not dispute that the amount in controversy is met.

Although the Plaintiff "intended to name Princeton Management Company, Inc. as the management company for Eastdale Apartments," (doc. 6 at 1), the Defendants assert that this Defendant is incorrectly named and fraudulently joined. In the Notice of Removal,

3

the Defendants informed Yates that the proper management company of Eastdale Apartments is Princeton Management. *See* Doc. 1 at 1, doc. 1-5. The Defendants presented evidence that Princeton Management Company, Inc. is a domestic corporation located in Florence, Alabama, established to "operate a retail clothing store for women's apparel." (Doc. 11-2 at 4; *see also* Doc. 11-1, 11-2, 11-3 and 11-4). The Plaintiff does not argue that Princeton Management Company, Inc. is the correct Defendant in this matter, and this entity has filed nothing in this action. Princeton waived service and filed pleadings to which the Plaintiff has not objected. Furthermore, Princeton concedes that it is the proper Defendant as the management company for Eastdale Apartments. Thus, the Court concludes that Princeton Management Company, Inc. is wrongly named and fraudulently joined, and, for the purpose of the diversity jurisdiction, its citizenship can be ignored. Consequently, the Court concludes that the parties are diverse, and the Court has original jurisdiction of this matter pursuant to its diversity jurisdiction. 28 U.S.C. § 1332. Because the Court has original jurisdiction over this matter, it was properly removed by the Defendants pursuant to 28 U.S.C. § 1441(a).

The Court next turns to whether WAITR was required to consent to removal. "The rule of unanimity requires 'all defendants who have been properly joined and served must join in or consent to the removal of the action.'" *Logan v. McKinney Drilling, LLC*, 2021 WL 354462, *1 (quoting 28 U.S.C. § 1446(b)(2)(A)). At the time of removal, Defendants Eastdale and Princeton were the only served defendants. Neither the Plaintiff nor Defendant WAITR assert that WAITR was served at the time of removal. Thus, WAITR's consent to removal was unnecessary. "[D]iversity jurisdiction is determined at the time of

the filing of the complaint or, if the case has been removed, at the time of removal." *Thermoset Corp. v. Building Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (bracket added). Again, because the Court has diversity jurisdiction over this matter, it was properly removed by the Defendants pursuant to 28 U.S.C. § 1441(a).

Relying on 28 U.S.C. § 1445(c),[3] Yates and WAITR assert that the entire case was nonremovable because it contains a workers' compensation claim that is inextricably linked to the tort claims. (Docs. 6 and 7). Although Eastdale Apartments and Princeton concede that the Court does not have jurisdiction over Yates' workers' compensation claim, they argue that the Court should sever the workers' compensation claim and retain jurisdiction over Yates' state law tort claims. (Doc. 11 at 13). The Court agrees that the workers' compensation claim is not inextricably linked to Yates' tort claims and should be severed and remanded to the state court.

Because this Court has diversity jurisdiction over this action, the case was removable under section 1441(a). While Yates' workers' compensation claim against WAITR was not removable, section 1445(c) does not mandate remand of the entire case. *See Reed v. Heil Co.*, 206 F.3d 1055, 1060 (11th Cir. 2000); *see also, Logan*, 2021 WL 354462 at *8 ("the *Reed* Court's identification of Section 1441(a) as the source of proper removal of the federal claim and for retention of that claim despite remand of the worker's compensation claim constitutes a holding."). "*Reed* holds that a nonworker's

---

[3] 28 U.S.C. § 1447(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

5

compensation claim properly removed under Section 1441(a) is not subject to remand under Section 1445(c)." *Lamar v. Home Depot*, 907 F. Supp. 2d 1311, 1314 (S.D. Ala. 2012).

In cases where removal is premised on section 1441(a), other courts have severed workers' compensation claims from removable claims and remanded only the workers' compensation claims to state court. *See Lamar*, 907 F. Supp. 2d at 1314 ("Because *Reed* holds that, when removal is properly accomplished under Section 1441(a), the federal court is to remand the worker's compensation claim and retain the properly removed claims, it forecloses remand of the plaintiff's state law claims."); *Logan*, 2021 WL 354462 at *9 ("Like the court in *Lamar*, under the direction of *Reed*, the Court will remand only the plaintiff's worker's compensation claim. Plaintiff's other claims shall remain pending in this Court."); *Musgrove v. Kellogg Brown and Root, LLC*, 2013 WL 1827583, *2 (S.D. Ala. 2013) ("when removal is properly accomplished under Section 1441(a), the federal court is to remand the worker's compensation claim and retain the properly removed claims.")

Thus, the Court concludes that Yates' workers' compensation claim against WAITR is due to be severed and remanded back to the state court. The Court will retain her negligence and wantonness claims against Defendants Eastdale Apartments and Princeton.

## V. CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED that Defendant WAITR's motion to remand (doc. 7) and the Plaintiff's Motion to Remand (doc. 6) are GRANTED to the extent that the Plaintiff's workers'

compensation claim is SEVERED and REMANDED to the Circuit Court of Montgomery County, Alabama.  The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of the workers' compensation claim to the Circuit Court of Montgomery County, Alabama.  It is further

ORDERED that the Plaintiff's motion for a ruling (doc. 20) is DENIED as moot.

DONE this 10th day of August, 2022.

                                          /s/ Emily C. Marks
                                EMILY C. MARKS
                                CHIEF UNITED STATES DISTRICT JUDGE